# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-0071V

| | |
|---|---|
| CHRISTINE LAWRENCE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 3, 2024 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, Washington, DC, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 19, 2023, Christine Lawrence filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on September 11, 2020. Petition at ¶¶ 1, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 27, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On January 2, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $75,023.50, representing $75,000.00 for pain and suffering and $23.50 in unreimbursed medical expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $75,023.50, representing $75,000.00 for pain and suffering and $23.50 in unreimbursed medical expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                 **s/Brian H. Corcoran**
                                                 Brian H. Corcoran
                                                 Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRISTINE LAWRENCE, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 23-71V (ECF) <br> Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 19, 2023, Christine Lawrence ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2018) (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on September 11, 2020. ECF No. 1 (Petition) at 1.

On November 21, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 27. On November 27, 2023, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation, ECF No. 28, and a damages order, ECF No. 29.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $75,023.50 in damages, consisting of $75,000.00 in pain and suffering and $23.50 in medical expenses, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$75,023.50**, in the form of a check payable to petitioner.[1]

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    DARRYL R. WISHARD
    Assistant Director
    Torts Branch, Civil Division

    /s/ Naseem Kourosh
    NASEEM KOUROSH
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146, Benjamin Franklin Station
    Washington, D.C. 20044-0146
    Telephone: (202) 305-1159
    E-mail: Naseem.Kourosh@usdoj.gov

DATED: January 2, 2024

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.